UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CR-05-88-B-W |
| v. | ) | |
| | ) | |
| TRAVIS FARMER | ) | |

## PRE-SENTENCE ORDER

This Court concludes the transportation of child pornography in interstate commerce is not an element of crime under 18 U.S.C. § 2252A(a)(5)(B) for purposes of the *ex post facto* clause,[1] and the higher penalties at the time of possession, not the lower penalties at the time of transportation, are applicable to this Defendant. Travis Farmer has been charged with the knowing possession of child pornography and stands ready to enter a plea of guilty. The initial Prosecution Version stated that the Defendant possessed these images between November 21, 2003 and December 8, 2003 and that a computer at the Defendant's residence was logged onto the internet for 9 hours and 10 minutes on March 5, 2002, the date on which several offending images were posted to a newsgroup.[2] *Prosecution Version* (Docket # 23); *First Revised Prosecution Version* (Docket # 30). On April 30, 2003, Congress increased the maximum term of imprisonment for possession of child pornography transmitted in interstate commerce from 5 to 10 years. Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today (PROTECT) Act of 2003, 108 P.L. 21, 117 Stat. 650, § 103(a)(E)(i)(codified at 18 U.S.C. § 2252A(b)(2)). At a conference of counsel held on January 19, 2006, this Court raised the question of whether the applicable maximum penalty would be 5 or 10 years, because if

---

[1] U.S. Const. art. 1, § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed.").
[2] The First Revised Prosecution Version omits any reference to a date of transmission, but confirms the images originated from states other than Maine.

transmission were an element of the crime, one of the elements occurred before the effective date of the enhanced maximum imprisonment term in the PROTECT Act.

### I. Discussion

#### a. Jurisdictional Element

This Court concludes the statutory requirement of transmission in interstate or foreign commerce is a jurisdictional element and does not require scienter on the part of a defendant. This conclusion is first based on the language of the statute:

> (a) Any person who… (5)…(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by a computer…or distributes any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer…shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(5)(B). The gravamen of the crime is the knowing possession of child pornography, which the statute describes in the active voice and on which the statute imposes the scienter requirement. By contrast, the interstate or foreign commerce phrase is in the passive voice and does not require actual knowledge.[3]

This reading is confirmed by *United States v. Robinson,* 137 F.3d 652 (1st Cir. 1998), in which the First Circuit rejected a claim that under section 2252(a)(4)(B),[4] the word "knowingly" applied to the interstate or foreign commerce requirement. *Id.* at 654-55. The First Circuit declined to extend the holding of *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994) to the interstate or foreign commerce clause in section 2252, which "confers federal jurisdiction

---

[3] For example, the statute does not state: "Any person who knowingly receives or distributes any child pornography that <u>he knows</u> to have been transported in interstate or foreign commerce…" or "Any person who knowingly receives or distributes any child pornography that he <u>knowingly</u> transported in interstate or foreign commerce…."

[4] Section 2252(a)(4)(B) contains parallel jurisdictional language: "Any person who . . . knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce…by any means including by computer…." *Robinson,* 137 F.3d at 654 (citing 18 U.S.C. § 2252(a)(4)(B)).

2

over the crime". *Id.* at 655.  In support, *Robinson* relied on *United States v. Feola*, 420 U.S. 671 (1975), which explained that "the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *Id.* at 677 (quoted in *Robinson,* 137 F.3d at 655).

### b. *Ex Post Facto*

Having determined that the interstate commerce element of 2252A(a)(5)(B) is jurisdictional only and requires no knowledge on defendant's part, the next question is whether the *ex post facto* clause applies.  This Court concludes it does not.   The *ex post facto* clause applies when a statute punishes as a crime an act previously committed, which was innocent when done, makes more burdensome the punishment of a crime after its commission, or deprives a defendant of a defense available according to law at the time the act was committed.  *Collins v. Youngblood*, 497 U.S. 37, 52 (1990); *Santiago v. Spencer*, 346 F.3d 206, 209-10 (1st Cir. 2003). The gravamen of this crime is the knowing <u>possession</u> of child pornography - not the act of moving it in interstate commerce.[5]

The Fifth Circuit addressed this issue in *United States v. Layne,* 43 F.3d 127 (5th Cir. 1995).  In *Layne*, Defendant was charged with a violation of section 2252(a)(4)(B), and argued that his prosecution violated the *ex post facto* clause since the government failed to introduce evidence as to whether the magazines had been transported in interstate commerce after the effective date of the statute.  *Id.* at 131-32.  The Fifth Circuit rejected this argument, analogizing to case law under 18 U.S.C. § 922.  *Id.* at 132.

One supporting authority relied on in *Layne* was *United States v. Gillies,* 851 F.2d 492 (1st Cir. 1988).  In *Gillies*, the First Circuit rejected an argument that the *ex post facto* clause was

---

[5] Compare 18 U.S.C. § 2252A(a)(1), which prohibits knowingly mailing or transporting child pornography in interstate commerce.

implicated, because the firearm the defendant was convicted of possessing may have arrived in Massachusetts before May, 1986, when Congress enacted the gun-control law under which he was convicted. *Id.* at 495. The First Circuit reasoned: "The provision of the 1986 law here at issue, however, does not punish the act of transporting a gun in interstate commerce; the 'in or affecting commerce' language, as we have just discussed, describes what kind of a gun felons may not possess, and it provides the jurisdictional basis for a federal law. The act that the law forbids is possession; and the defendant engaged in that act seven months after the law's enactment." *Id*. *See also United States v. Denis,* 297 F.3d 25, 32 (1st Cir. 2002)(citing with approval *United States v. Mitchell,* 209 F.3d 319, 322-23 (4th Cir. 2000)).

*Layne* and *Gillies* are persuasive. It makes no difference if the child pornography had been transported before April 30, 2003. Assuming the Defendant admits he possessed the child pornography after April 30, 2003, he committed the crime then and is subject to the higher statutory punishment in effect as of the date of possession.[6]

## II. Conclusion

This Court concludes that the interstate commerce element of 18 U.S.C. § 2252A(a)(5)(B) is jurisdictional and does not implicate the *ex post facto* clause. The maximum statutory term of imprisonment is 10 years.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

---

[6] There is a separate reason the *ex post facto* clause does not apply. The Defendant's possession continued after April 30, 2003 and the *ex post facto* clause "is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of [the statute]." *United States v. Paton*, 110 F.3d 562, 565 (8th Cir. 1997)(quoting *United States v. Garfinkel*, 29 F.3d 1253, 1259 (8th Cir. 1994) (in turn quoting *United States v. Torres*, 901 F.2d 205, 226 (2d Cir. 1990)). *Paton* goes on to say: "More specifically, a conviction for continuing to possess obscene material after the effective date of 18 U.S.C. § 2252(a)(4)(B) does not violate the Ex Post Facto clause." *Paton,* 110 F.3d at 565 (quoting *Layne*, 43 F.3d at 132).

Dated this 15th day of February, 2006