UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-00088-JAW |
| | ) | |
| TRAVIS FARMER | ) | |

**ORDER DENYING MOTION FOR EARLY TERMINATION**

On July 20, 2005, the Government initiated a criminal complaint against Travis Farmer, charging him with possession of child pornography. *Compl.* (ECF No. 3). On November 9, 2005, a federal grand jury indicted Mr. Farmer for the same charge. *Indictment* (ECF No. 11). On February 17, 2006, Mr. Farmer pleaded guilty to the charge, *Min. Entry* (ECF No. 39), and on May 15, 2006, the Court sentenced him to forty-one months incarceration, no fine, ten years of supervised release with conditions, and a $100 special assessment. *J.* (ECF No. 49). The supervised release conditions included participation in sex offender treatment, registration with the state's sex offender registration agency, consent to searches of his residence and computers, and restrictions on his use of a computer. *Id.* at 4. These conditions were later modified with Mr. Farmer's consent to update the language applicable to sex offender treatment and computer monitoring. *Req. for Modifying the Conditions of Supervised Release* (ECF No. 53) (*Modified Conditions*); *Order Granting Consent Req. for Modifying the Conditions of Supervised Release* (ECF No. 54).

On October 9, 2015, Mr. Farmer filed a letter with the Court, requesting early termination of his supervised release. *Pro Se Req. for Early Termination of*

*Supervised Release* (ECF No. 56) (*Def.'s Req.*).  Mr. Farmer explained that he was released from incarceration in February 2009, that he is unaware of any probation violations, that he has not failed any polygraphs, and that he has achieved the level of aftercare in his sex offender treatment group.  *Id.* at 1.

On October 16, 2015, the Government responded, objecting to Mr. Farmer's request.  *Resp. of the Gov't in Opp'n to the Def.'s Req. for Early Termination of Supervised Release* (ECF No. 57) (*Gov't Opp'n*).  The Government stated that Mitchell Oswald, Mr. Farmer's probation officer, opposes the request for early termination.  *Id.* at 2.  The Government noted that Mr. Farmer's supervised release is scheduled to expire in February 2019 and that he has not yet completed the sex offender treatment program.  *Id.*  Probation Officer Oswald said that Mr. Farmer is currently in the aftercare component of his sex offender treatment program and that part of the program will take at least one more year to complete.  *Id.*  The Government agreed with Mr. Farmer that he has had no actionable violations of supervised release, but it nevertheless maintained that supervised release is still appropriate.  *Id.*

The Court agrees with the Government and denies Mr. Farmer's request for early termination.  The Court remains deeply concerned about the nature of Mr. Farmer's crime.  Child pornography covers a wide range of conduct.  Though rarely prosecuted, the term captures images of people in their later teens, who are just under eighteen and anatomically indistinguishable from young adults.  18 U.S.C. § 2256(1) ("'minor' means any person under the age of eighteen years").  The law enhances penalties for possession of images of prepubescent minors or minors under the age of

twelve. *See* 18 U.S.C. § 2252A(b)(2). Here, the First Revised Prosecution Version (that Mr. Farmer admitted was true) states that the focus of his "significant collections" of child pornography was "infant and toddler boys." *First Revised Prosecution Version* at 2 (ECF No. 36). In fact, in the garage, law enforcement found "children's underwear and an opened package of diapers." *Id.*

As Mr. Farmer's crime revealed an obsession with the very youngest and most vulnerable members of society, it triggers the Court's overriding obligation to protect those unable to protect themselves. *See United States v. Chapman*, No. 1:06-cr-00056-JAW, 2014 U.S. Dist. LEXIS 124770, at *3-4 (D. Me. Sept. 8, 2014) ("The worry is that the females who were the object of Mr. Chapman's sexual interest were so young that they would be unable properly to protect themselves"). In *Chapman*, the defendant was interested in girls as young as seven, *id.* at *3; here, Mr. Farmer was interested in toddlers and infants, who are utterly defenseless against sexual predation.

The Court reviewed the conditions of supervised release for Mr. Farmer and observes that, in contrast to many other defendants, Mr. Farmer's conditions are relatively benign. *J.* at 3-4; *Modified Conditions* at 1. The drug testing condition was waived. *J.* at 3. Two of the conditions, the prohibition against firearm possession, and the sex offender registration requirement, are superfluous since they are separately required as a matter of law. *Id.* The standard conditions require employment, avoidance of excessive drinking or use of drugs, and maintaining contact with the supervising officer. *Id.* None appears onerous. The special conditions,

3

including participation in a sex offender treatment program and computer monitoring, are directly related to the type of crime Mr. Farmer committed and, in the Court's view, are valid precautions; based on his own representations, the Court would hope that Mr. Farmer would not have difficulty complying with these conditions.  *Id.* at 4; *Modified Conditions* at 2.

Finally, the Court recalls the sentencing hearing in this case.  Remarking on the extraordinarily young age of the victims of Mr. Farmer's sexual interest, the Government urged the Court to impose a long period of incarceration and a substantial period of supervised release, and the Defendant's counsel urged a shorter period of incarceration, noting the availability of a period of supervised release to protect the public.

In evaluating Mr. Farmer's motion, the Court observes that, apart from stating that he has complied with the terms of supervised release to date, he has given no reason that the Court should allow an early discharge of his period of supervised release.  *Def.'s Req.* at 1.  As the Court noted in *Chapman*, the Court "balances the incremental intrusion of these supervised release conditions on [the defendant's] life against the inherent risk of the conduct underlying his conviction."  *Chapman*, 2014 U.S. Dist. LEXIS 124770, at *5.  "In making this assessment, the Court focuses on the vulnerability of the potential victims, and strikes its judgment in favor of the potential victims."  *Id.*

The Court is encouraged that Mr. Farmer has so done well on supervised release.  The Government concedes that Mr. Farmer has not had any actionable

violations of supervised release.  *Gov't Opp'n* at 2.  In fact, the Government states that the Probation Office has advised that Mr. Farmer has been moved to the aftercare portion of the sex offender treatment program, but that this part of the sex offender treatment program will take about one year to complete.  *Id.*  All of this is edifying.  However, in the Court's view, "compliance with the terms and conditions of . . . supervised release, though laudable, is generally not grounds for early termination."  *United States v. Seger*, No. 1:98-cr-00065-JAW, 2014 U.S. Dist. LEXIS 151558, at *17 (D. Me. Oct. 27, 2014) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

The Court DENIES Travis Farmer's Pro Se Request for Early Termination of Supervised Release (ECF No. 56).

SO ORDERED.

                                               /s/ John A. Woodcock, Jr.
                                               JOHN A. WOODCOCK, JR
                                               UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2015